QUESTIONS: 1. Does a retail establishment which accepts watches and clocks for repair when the sole purpose of such acceptance is to transport the watches and clocks to the premises of a duly licensed watch and clock repairman have to purchase or obtain a certificate of registration to repair watches as required by Ch.489, F.S.? 2. If the answer is in the affirmative, is the requirement discriminatory?
SUMMARY: Chapter 74-276, Laws of Florida, requires that "establishments" which receive watches or clocks for repair, when such items are not to be repaired upon the premises, must be issued a certificate permitting the acceptance and transmittal of watches and clocks to a registered watchmaker within the state located at another place of business. Such a law is not discriminatory because it bears a "fair and substantial relation to the object of the legislation," i.e., the protection of the public. Your first question is answered in the affirmative and your second question is answered in the negative. Section 1, Ch. 74-276, Laws of Florida, and s. 489.01(6), F.S., define the term "establishment," registered to accept or receive watches to mean: [A]ny place of business holding a valid and unexpired certificate to accept or receive watches or clocks for repair, when said watches or clocks are not to be repaired on the premises of said place of business . . . . Prior to the passage of this law (effective July 1, 1974), s. 489.02, F.S., made it unlawful to accept or receive watches or clocks for repair in a place of business unless a registered watchmaker was employed in the establishment. Section 489.02 was, however, amended (s. 2, Ch. 74-276, Laws of Florida) to provide that an establishment no longer need employ a registered watchmaker to legally accept watches and clocks for repair as long as: [S]aid place of business has applied for, and has been issued, a certificate permitting said place of business to accept or receive watches or clocks for repairs, when said watches or clocks shall not be repaired upon the premises of said place of business, but are to be repaired by a registered watchmaker in this state located at another place of business, or when said watches or clocks are to be sent out of this state for repair. Consequently, I find that the first portion of your question is clearly answered in the affirmative by the cited statutes. As to the second question, I again refer you to, s. 4, Ch. 74-276, Laws of Florida, creating s. 489.061, F.S. (1974 Supp.), which generally regulates the issuance of "Establishment Certificates." Section 489.061(1) provides: It is the intent of the legislature that this section is enacted for the protection of the public, by requiring that watches or clocks accepted or received for repair at places of business accepting or receiving watches or clocks for repair shall be repaired by a registered watchmaker in this state, if such repair is performed in this state. (Emphasis supplied.) It is a well-settled principle of constitutional law that a state may make classifications which are reasonable, not arbitrary, so long as such classifications are based upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced are treated alike, F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415 (1920). The Legislature of the State of Florida has declared its intention to "protect the public" from the danger of property damage resulting from the state's failure to regulate establishments which accept watches or clocks for repair that do not have registered watchmakers employed on the premises. Therefore, establishments which do not themselves employ a registered watchmaker are required by the state to purchase a certificate to guarantee that said repairs will be performed by a registered watchmaker when repair is performed within this state. It is my opinion that such regulation by the state is based on a reasonable classification, that the difference involved (i.e., establishments with a registered watchmaker on the premises as opposed to establishments without a registered watchmaker on the premises) has a "fair and substantial relation to the object of the legislation" (i.e., protection of the general public from loss of property due to unskilled workmanship); the legislation is not discriminatory as long as all the establishments defined in this law are required to purchase certificates of registration (establishment certificates).